IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **HEIDI PIERCE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-1369 |
| | ) | |
| **FLSMIDTH, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is before the Court on Defendant FLSmidth, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. (D. 18). For the reasons stated herein, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiff is the widow of Scott Pierce ("SP"), a former employee of the Defendant. (D. 15, pp. 2-3). The Lincoln Life Assurance Company of Boston ("Lincoln") provided life insurance coverage to Defendant's employees during their active employment. *Id.* at p. 3. During his employment, SP maintained a basic life insurance policy ("basic policy"). *Id.* SP ceased working for Defendant in November 2019 due to terminal cancer. *Id.* at p. 4. According to the Amended Complaint, at the time he ceased working SP had an optional benefit policy[1] that was scheduled to commence on January 1, 2020. *Id.* Plaintiff was the named beneficiary of SP's life insurance coverage. *Id.* SP passed away on January 15, 2020, without ever returning to work for the Defendant. *Id.*

---

[1] The Amended Complaint identifies this policy as "Exhibit A" but failed to attach the exhibit.

1

On February 27, 2020, Lincoln issued Plaintiff a $297,000.00 check for both the basic and optional life insurance policies. *Id.* at p. 5. On March 10, 2020, Plaintiff received a letter from Lincoln ("Lincoln Letter")[2] that she was ineligible for the optional benefit coverage and that a stop payment had been placed on $297,000.00 check. *Id.* Lincoln issued Plaintiff a new check for the basic life insurance policy and provided instructions on how to initiate a review of the denial. *Id.* On April 27, 2020, counsel for the Plaintiff sent a letter[3] to Lincoln which stated:

> I represent Scott Pierce's widow, Heidi Pierce for failure to pay the additional insurance proceeds which has been wrongfully denied by Lincoln Financial.
>
> Lincoln Financial accepted Scott Pierce as an insured, accepted an application, approved that application and Lincoln accepted premium payments and deducted those premiums for the option life insurance coverage. Lincoln Financial actually issued a check for nearly $200,000.00 more than they are currently offering to settle this insurance matter with my client.
>
> Lincoln Financial Group took money out of Scott Pierce's check to pay the premium for the policy, and then when he died Lincoln Financial has tried to disavow coverage.
>
> Pursuant to your March 10, 2020, letter to Heidi Pierce… I am requesting the following materials and demanding an immediate review of this denial pursuant to the Employee Retirement Income Security Act of 1974.
> …
> I look forward to hearing back from you, please confirm receipt of this correspondence… I look forward to receiving your written review of this matter. If it is not resolved favorably in my client's favor we will be filing a declaratory judgment action.
> ….

(D. 22-1) (the list of materials requested omitted). Lincoln did not respond to Plaintiff's Counsel's Letter. (D. 15, p. 7).

---

[2] A copy of Lincoln's March 10, 2020, letter to the Plaintiff was not attached to the Amended Complaint, so the Court does not know the exact reason Lincoln gave to the Plaintiff regarding her ineligibility.

[3] The content of Plaintiff's Counsel's April 27, 2020, Letter was summarized in the Amended Complaint, and the letter was attached as an Exhibit to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (D. 15, p. 6, ¶¶ 21-22) (D. 22-1). While the Court generally may not consider matters outside of the pleadings on a motion to dismiss, where the plaintiff supplements his complaint with a brief opposing dismissal, the Court may consider those allegations as well. *See Hrubec v. National R.R. Passenger Corp.,* 981 F.2d 962, 963 (7th Cir.1992).

SP's widow has now brought action against his former employer under the Employee Retirement Income Security Act ("ERISA"), "seeking equitable relief for an alleged breach of fiduciary duty in relation to continuation of coverage under a group life insurance welfare benefit plan sponsored by the Defendant" pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). *Id.* It is Plaintiff's position that during the year 2020, Defendant, a fiduciary of the plan, had a duty under 29 U.S.C. §§ 1022(b) and 1104 to notify SP of the optional benefit plan's active employment requirement for the policy to become effective. *Id.* at pp. 3, 7-8. Plaintiff is now seeking a monetary surcharge, plus interest and fees, for the full amount of the optional benefit policy. *Id.* at p. 8.

Defendant has filed a Motion to Dismiss the Amended Complaint on the grounds that Plaintiff failed to: (1) exhaust her administrative remedies; and (2) seek an adequate remedy under §502(a)(3) of ERISA. (D. 18) (D. 19). Plaintiff has filed a response in opposition, and this Order follows. (D. 22).

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint, not the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In resolving the defendant's motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## DISCUSSION

I. **Exhaustion of Administrative Remedies**

3

Section 502(a)(3), 29 U.S.C. § 1132(a)(3), encompasses civil actions such as this one for alleged violations of ERISA. While § 502 is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, the Seventh Circuit recognizes this judicially created doctrine and places the decision to require exhaustion within the discretion of the trial court. *Kross v. Western Elec. Co.,* 701 F.2d 1238, 1244 (7th Cir. 1983); *Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir. 1996); *Powell v. A.T. & T. Comm., Inc.,* 938 F.2d 823, 825 (7th Cir. 1991). Exhaustion "supports the important public policy of encouraging private rather than judicial resolution of disputes under ERISA." *Kross,* 701 F.2d at 1246. Moreover, requiring exhaustion enables plan fiduciaries to assemble a factual record that would assist the court in reviewing their actions and "minimizes[s] the number of frivolous lawsuits, promote[s] a non-adversarial dispute resolution process, and decrease[s] the cost and time of claims settlement." *Lindemann,* 79 F.3d at 650.

While there is unanimity that exhaustion of administrative remedies is required before a plaintiff can bring an ERISA action in federal court to recover benefits under a plan, the courts of appeal are split on the question of whether beneficiaries of an ERISA plan must exhaust internal plan remedies before suing plan fiduciaries based on an alleged violation of duties imposed by statute. *See Kross,* 701 F.2d 1238 (7th Cir. 1983); *Mason v. Cont'l Grp., Inc.,* 763 F.2d 1219, 1226–27 (11th Cir.1985); *Zipf v. AT&T,* 799 F.2d 889 (3d Cir. 1986); *Smith v. Sydnor,* 184 F.3d 356 (4th Cir. 1999); *Galvan v. SBC Pension Benefit Plan*, 204 Fed. App'x. 335, 338-39 (5th Cir. 2006); *Held v. Mfrs. Hanover Leasing Corp.,* 912 F.2d 1197, 1204-05 (10th Cir. 1990); *Dorman v. Charles Schwab Corporation,* 934 F.3d 1107 (9th Cir. 2019) (overturning previous circuit authority excusing the exhaustion requirement on the grounds that it was irreconcilable with the Supreme Court's holding in *American Exp. Co. v. Italian Colors Restaurant,* 570 U.S. 228 (2014),

4

that federal statutory claims are generally arbitrable and arbitrators can competently interpret and apply federal statutes). It is the Seventh Circuit position, whose decisions bind this Court, that: "a district court may properly require exhaustion of administrative proceedings prior to filing a claim involving an alleged violation of an ERISA statutory provision." *Powell,* 938 F.2d at 826.

However, exhaustion of administrative remedies is not an element of a claim under ERISA, it is an affirmative defense. *Adamczyk v. Lever Bros. Co.,* 991 F. Supp. 931, 934 (N.D. Ill. 1997). To support a Rule 12(b)(6) motion to dismiss, the plaintiff's allegations must clearly point to the existence of an affirmative defense. *Id.* In other words, the fact that the plaintiff failed to exhaust administrative remedies must appear plainly on the face of the complaint. *Id.* Therefore, the Court turns its attention to the allegations contained in the Amended Complaint.

### A. It is clear from the face of the Amended Complaint that Plaintiff's attorney's letter did not seek to initiate administrative review of her claim.

The Seventh Circuit has held that an attorney letter may be sufficient to initiate administrative review if the content of the letter is reasonably calculated to alert the employer to the nature of the claim and requests administrative review. *Powell,* 938 F.2d at 827; *see also* 29 C.F.R. § 2560.503-1(d). A "rear-guarded attempt to turn a request for information and threat to sue into a demand for administrative review must be rejected." *Powell,* 938 F.2d at 827.

Here, Plaintiff's attorney's letter to Lincoln makes no mention of a breach of fiduciary duty claim against Defendant nor does it request administrative review of that claim. (D. 15, p. 6, ¶¶ 21-22) (D. 22-1). Rather, the letter accuses Lincoln of wrongfully denying coverage because it had accepted SP's application and payments for the optional benefit coverage, requested materials and demanded immediate review of the denial under ERISA, and concluded with a threat that if the matter was not resolved favorably for the Plaintiff, Plaintiff would file a declaratory judgment action against Lincoln. *Id.* As a result, this Court finds Plaintiff's counsel's letter was not an

attempt to initiate administrative proceedings, but a threat to take Lincoln to court if the matter was not resolved favorably for the Plaintiff. *See Powell,* 938 F.2d at 827.

Furthermore, Plaintiff puts the cart before the horse in arguing that Lincoln's failure to respond to Plaintiff's "request for review" means the Plaintiff has exhausted administrative remedies under the plan and is entitled to pursue any available remedies under § 502(a) of ERISA. A plaintiff cannot fail to initiate administrative review, and then argue exhaustion is waived when they do not receive a response to a demand letter within the time required by the plan.

**B. Plaintiff has failed to allege facts excusing the exhaustion requirement.**

A court may excuse a plaintiff from failing to exhaust administrative remedies where (1) there is a lack of meaningful access to review procedures; or (2) pursuing internal plan remedies would be futile. *Schorsh v. Reliance Standard Life Ins. Co.,* 693 F.3d 734, 739 (7th Cir. 2012). To come under the futility exception, a plaintiff must show that "it is certain [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Lindemann,* 79 F.3d at 650 (citing *Smith v. Blue Cross & Blue Shield United of Wis.,* 959 F.2d 655, 659 (7th Cir. 1992). Both exceptions presuppose Plaintiff first tried the exhaust administrative review or made an effort to determine what administrative procedures were available. *See Smith,* 959 F.2d at 659.

The Amended Complaint states there was no access to meaningful review because: (1) "the ERISA statute has no procedure for pre-litigation appeals of claims alleging breach of fiduciary duty"; and (2) "FLSmidth provided no information to the Plaintiff or Scott Pierce while he was alive that would have afforded him an appeal mechanism to challenge the claimed breaches of fiduciary duty." (D. 15, pp. 2, 6). The Amended Complaint also states appealing the breach of

6

fiduciary duty claim to Lincoln would be futile because SP did not meet the active work requirements in the plan. *Id.* at p. 15.

First, the Amended Complaint makes clear Plaintiff was provided a review procedure with Lincoln and failed to initiate administrative review of her claim. To the extent Plaintiff believed Lincoln's review process was inadequate to address Plaintiff's claim, minimal effort could have resolved this issue and the Seventh Circuit has provided guidance on how do so: "[a]n attorney's letter can be sufficient to initiate administrative review if a reasonable procedure for filing claims has not been established." *Powell,* 938 F.2d at 826. Therefore, a quick note from Plaintiff's attorney to Lincoln or the Defendant setting forth the claim and requesting review or, in the alternative, confirmation regarding the proper avenue for administrative review would have clarified this issue.

Plaintiff has also failed to allege that filing her breach of fiduciary duty claim with Lincoln would have been an exercise in futility and a useless gesture. At a minimum, it would have allowed plan fiduciaries to assemble a factual record that would assist the court in reviewing their actions. To date, this Court has had two complaints before it, both failing at a minimum to attach the policy at issue. Plaintiff assuming her claim will be denied because her husband did not meet the active employment requirement alone is not sufficient.

## CONCLUSION

Therefore, this Court finds public policy supports requiring Plaintiff to exhaust her administrative remedies before filing suit. Not only would the parties benefit from an opportunity to resolve the matter on their own, but the process also clearly favors "private rather than judicial resolution" of disputes. *See Kross,* 701 F.2d at 1246. Most importantly, exhaustion would also

7

allow the plan administrator an opportunity to assemble a factual record, lessening the time and resources a court must expend in the event the case ends up before it.

For these reasons, the Court GRANTS Defendant's [18] Motion to Dismiss Plaintiff's Amended Complaint. The Clerk of the Court is DIRECTED to enter judgment in favor of the Defendant, and against the Plaintiff. This matter is now TERMINATED.

ENTERED this 9th day of August, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge